## THE STATE *vs.* THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MERCER.

The benefits of the first and second sections of the act of May 11th, 1861, entitled "An act for the relief of such portion of the militia of this state as may be called into service," only extend to those mustered into the service of this state or the United States under state authority.

On motion for *mandamus.*

Argued before the Chief Justice, and Justices ELMER and BROWN.

*Field,* for the motion.

*Frelinghuysen,* attorney-general, *contra.*

The opinion of the court was delivered by

The CHIEF JUSTICE.   This is an application for a *mandamus* to the board of chosen freeholders of the county of Mercer, requiring them to pay to the family of the relator, a private in the cavalry regiment now in the service of the government of the United States, raised in this state under the command of Col. William Halsted, the sum of money claimed to be due to them by virtue of the first and second sections of the act of May 11th, 1861, entitled "An act for the relief of such portion of the militia of this state as may be called into service."

The regiment of Col. Halsted was raised by him in this state, by voluntary enlistment of the officers and men, under authority given to him by the government of the United States, without the intervention of the governor of this state or of any officer thereof. Its officers have not been commissioned by the governor, nor has it in any way been recognized, or its organization sanctioned by the state. On the contrary, the governor has refused, although requested to do so by the secretary of war, to commission the field officers of the regiment. In his reply to the request of that officer, the governor says: "Upon due consideration, I must decline to issue commissions to the officers in question. During the formation of the regiment I have had no control of its organization, and no voice in the designation of those gentlemen who, from being called upon to raise and form

companies, &c., may, if qualified, properly expect to be confirmed in the several positions they have occupied during the process of organization."

The question presented for determination is, are the non-commissioned officers, musicians, and privates of this regiment, so raised and mustered into the service of the United States, who have families residing in this state, entitled to have paid to their families, or, if having no families, and having dependent widowed mothers, to those mothers, the bounty provided by the 1st and 2d sections of the act?

The counsel for the application rests it upon the position that these officers and men are of the militia of this state who have been mustered into the service of the United States.

It is evident that they do not constitute, in the strict sense of the term, a part of the enrolled or active militia of this state. They have never been organized as such, nor is it claimed that they are entitled to that character. The argument is rested upon the idea that the term militia, used in the act, was designed to include all those citizens of this state, between the ages of eighteen and forty-five, liable to do militia duty, whether they were enlisted and embodied by the sole authority of the United States without the intervention of the state government, or, being first enlisted and embodied under state authority, were, upon the requisition of the federal government turned over to it by the state government, and mustered into its service.

It is insisted that the legislature designed the bounty for the families of all those who might volunteer or be enlisted into the service of the United States from this state, if bound to do militia duty here at the time of their enlistment.

This is not a new question in this court. The con-construction of this part of the act underwent consideration in the case of The State, John Brown, prosecutor, *v.*

The Mayor and Common Council of the City of Newark, decided at June Term last. It is not necessary at this time to recapitulate the reasons which determined the court to adopt the resolution to which it came in that case ; they may be seen by reference to the opinion then delivered.

In that case the court resolved, " that the legislature intended the provisions of the act should apply to all the military forces raised or to be raised in this state by state authority, whether to be retained in the active service of the state or turned over to the United States in pursuance of the call of the president.

It seems to us that the reasons given in the opinion of the court are abundantly sufficient to show this to have been the sense in which the terms " militia of the state," " mustered into the service of this state or of the United States," were used by the legislature. They did not use them in the restricted sense of persons enrolled in the militia under the militia laws of this state, or in the more enlarged sense of all persons between eighteen and forty-five years of age liable to enrollment in the militia who might enlist in the service of the United States, although not embodied by state authority, but in that just indicated.

We are all of opinion that the members of the regiment of Col. Halsted are not entitled to the benefits of the 1st and 2d sections of the act, and that the rule to show cause must be discharged.